WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutrition Distribution LLC, | No. CV-17-02116-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Muscle Store Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Dismiss or Transfer Based on Lack of Personal Jurisdiction and Improper Venue. (Doc. 13). For the following reasons, the Court grants the motion and dismisses without prejudice.

**BACKGROUND**

Plaintiff Nutrition Distribution LLC filed suit in the Southern District of California alleging that Defendant Muscle Store Inc. falsely advertised its products in violation of the Lanham Act. (Doc. 1). The Southern District of California transferred the case to the District of Arizona *sua sponte*, likely because Nutrition Distribution is an Arizona company.

Defendant Muscle Store Inc. is a Florida corporation with its principal place of business in Bethlehem, Pennsylvania. Muscle Store operates an online retail site that sells dietary supplements, and its website is accessible in any of the fifty states. Muscle Store knows of only six instances when their product was shipped to Arizona. The owners have no physical presence in Arizona and have never targeted Arizona.

On July 13, 2017, Muscle Store counsel sent an email to Nutrition Distribution counsel and asked, "What grounds do you have for this case being in Arizona? If none, will you stipulate to move it to Pennsylvania?" (Doc. 19-1, Exh. 1 at 1). Minutes later, Nutrition Distribution counsel responded, "We are an Arizona corp so that is where the damage occurred," but the response did not otherwise reference transfer to Pennsylvania. *Id.* On July 18, Muscle Store counsel again contacted Nutrition Distribution counsel about stipulating to transfer to Pennsylvania. (Doc. 18-1 at 2). On July 21, Muscle Store filed this motion to dismiss. (Doc. 13). Eleven days later, on August 1, Nutrition Distribution counsel contacted Muscle Store counsel and stated that Nutrition Distribution is amenable to transfer venue. (Doc 18-2 at 1). Given that it already filed the motion to dismiss, Muscle Store chose to proceed with this motion. *Id.* Then, on August 8, Muscle Store counsel asked Nutrition Distribution counsel "to just dismiss and re-file in the appropriate court" as that would be the easiest resolution of the issue. (Doc. 19-1, Exh. 3 at 1). Nutrition Distribution counsel responded, "We will not dismiss." *Id.*

**DISCUSSION**

**I.  Motion to Dismiss for Lack of Personal Jurisdiction**

A court may exercise personal jurisdiction over a non-resident defendant only if the defendant has sufficient minimum contacts with the forum state and the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). General personal jurisdiction arises when the defendant's contacts are continuous and systematic, and specific personal jurisdiction arises when the lawsuit results from issues connected with the controversy that established jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). The plaintiff bears the burden to demonstrate that the court has jurisdiction over the defendant. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (citations omitted). The plaintiff need only make a prima facie showing to withstand a motion to dismiss. *Id.*

///

A website and limited sales are not enough to form general personal jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (holding that a non-resident company's passive website and occasional, unsolicited sales did not establish general personal jurisdiction). Neither does a passive website alone constitute the express aiming necessary to establish specific personal jurisdiction. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) ("It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong").

Muscle Store has never targeted Arizona. It has never had property or agents in Arizona. It has never directly advertised in Arizona. Muscle Store's generally accessible website is its most significant contact to Arizona. Accordingly, Plaintiff fails to make a prima facie case that the Court has personal jurisdiction over Defendant.

## II. Dismissal in Lieu of Transfer

When a suit is in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case." 28 U.S.C. § 1406(a). Although the Court has discretion to either dismiss the case or transfer it, any such dismissal is without prejudice. Fed. R. Civ. P. 41(b); *In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991) (citing *Costello v. United States*, 365 U.S. 265, 285–86 (1961)).

Transfer is normally in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). The values underlying the preference for transfer include protecting uninformed plaintiffs and "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr*, 369 U.S. at 466–67.

Considering these values, the Court dismisses this case in lieu of transfer. Plaintiff had adequate understanding that the District of Arizona was an improper venue, and it had ample and sufficient opportunity to stipulate to transfer prior to obliging Defendant

the unnecessary expense of writing this motion to dismiss for lack of personal jurisdiction. *See supra* at 2. This unjustified expense resulted in this unnecessary motion and has acted as an obstacle that impedes the expeditious and orderly adjudication of the case. Therefore, the Court grants the motion to dismiss without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Based on Lack of Personal Jurisdiction (Doc. 13) is **GRANTED**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 26th day of October, 2017.

Honorable G. Murray Snow
United States District Judge